Steven M. Olson, Esq. (SB No. 146120)
Jacob M. Faircloth, Esq. (SB No. 305390)
Bluestone Faircloth & Olson, LLP
1825 Fourth Street
Santa Rosa, CA 95404
Telephone: (707) 575-1800
Facsimile: (707) 575-1867
Email: steve@bfolegal.com

Attorney for Timothy W. Hoffman, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re

WESTMORE PROPERTIES, LLC,

    Debtor.
_____/

Case No. 21-30770-HLB
(Chapter 7)

**EX PARTE APPLICATION TO EMPLOY GENERAL COUNSEL**
**(Bluestone Faircloth & Olson, LLP),**
<u>**AND DECLARATION IN SUPPORT THEREOF**</u>

    Timothy W. Hoffman, Chapter 7 trustee (the "Trustee") for the estate of Westmore Properties, LLC (the "Debtor"), shows as follows:

    1.    The Debtor filed a Voluntary Petition for relief under Chapter 7 on November 22, 2021. The Trustee has been appointed Chapter 7 trustee for the Debtor's estate.

    2.    The Trustee requests the employment of Bluestone, Faircloth & Olson, LLP ("Counsel"), pursuant to Section 327 of the Bankruptcy Code, as his general counsel because of its extensive experience and knowledge in the field of business transactions, business litigation, business reorganization, secured transactions and insolvency. Accordingly, the Trustee believes that Counsel is well-qualified to represent him in this Chapter 7 case.

    3.    General Counsel has indicated a willingness to represent the Trustee and to be compensated based on time and standard billable charges, subject to bankruptcy-court approval.

**EX PARTE APPLICATION TO EMPLOY GENERAL COUNSEL**
**(Bluestone Faircloth & Olson, LLP), AND DECLARATION IN SUPPORT THEREOF - Page 1**

4.     As is set forth in the Declaration of Steven M. Olson below, Counsel has no known connections with the Debtor, the Debtor's creditors, the United States Trustee, any person employed in the office of the United States Trustee, or any other party in interest, or their respective attorneys and accountants. The Trustee believes Counsel is disinterested and neither holds nor represents any interest adverse to the estate.

WHEREFORE, the Trustee prays for an order:

1.     Authorizing the Employment of Bluestone Faircloth & Olson, LLP, as his Counsel; and

2.     Granting the Applicant such other and further relief, at law or in equity, to which he may be justly entitled.

DATED: January 25, 2022                 */S/ Timothy W. Hoffman, Trustee*
                                                            By: _____
                                                                   Timothy W. Hoffman, Trustee

### DECLARATION OF STEVEN M. OLSON

I, Steven M. Olson, declare:

1.     I am over eighteen (18) years old, have personal knowledge of, and am competent to testify as to the matters set forth hereinbelow.

2.     I am a partner in Bluestone Faircloth & Olson, LLP ("Counsel"). Our firm carries errors and omissions insurance with liability limits of $2,000,000 per claim.

3.     I have reviewed the Debtor's petition and schedules. Neither I, nor anyone in my office (including Mr. Faircloth and Mr. Bluestone), have any known connections with the Debtor, the Debtor's creditors, the United States Trustee, any person employed in the office of the United States Trustee, or any other party in interest, or their respective attorneys and accountants

4.     In the event circumstances change, causing my firm to hold or represent an interest adverse to the above-described estate, I will advise the Court promptly and take action consistent with my legal and ethical obligations.

5.     Counsel intends to seek approval of compensation for fees and expenses.

EX PARTE APPLICATION TO EMPLOY GENERAL COUNSEL
(Bluestone Faircloth & Olson, LLP), AND DECLARATION IN SUPPORT THEREOF - Page 2

1 Counsel will charge on an hourly-fee basis. At present, my hourly rate is $550 per hour.
2 At present, Mr. Faircloth's hourly rate is $400 per hour. At present, Mr. Bluestone's
3 hourly rate is $450 per hour. Our paralegal's hourly rate is $175 per hour. Our proposed
4 Attorney-Client Fee Contract is attached hereto as Exhibit 1 and, by this reference, is
5 incorporated herein.

6. My firm has not shared or agreed to share, with any outside entity, any portion of the compensation paid or to be paid in connection with this case.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct.

Dated: January 25, 2022    BLUESTONE FAIRCLOTH & OLSON, LLP

By: */S/ Steven M. Olson*
     Steven M. Olson

**EX PARTE APPLICATION TO EMPLOY GENERAL COUNSEL
(Bluestone Faircloth & Olson, LLP), AND DECLARATION IN SUPPORT THEREOF - Page 3**

Case: 21-30770   Doc# 16   Filed: 01/26/22   Entered: 01/26/22 14:01:38   Page 3 of 6

# CERTIFICATE OF SERVICE

I reside in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is Bluestone Faircloth & Olson, LLP, 1825 4th Street, Santa Rosa, CA 95404.

On January 26, 2022, I served the within

**EX PARTE APPLICATION TO EMPLOY GENERAL COUNSEL**
**(Bluestone Faircloth & Olson, LLP),**
**AND DECLARATION IN SUPPORT THEREOF**

on the parties listed on the attached Service List. I served such parties in the manner described as follows:

/X/ (BY MAIL) I placed a copy of the document in sealed envelopes, with postage thereon fully prepaid for First Class Mail, addressed to such parties as have mailing addresses set forth on the attached Service List, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of Bluestone Faircloth & Olson, LLP, for processing of correspondence, the practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

/_/ (BY PERSONAL SERVICE) I caused the document to be delivered by hand to the address(es) noted on the attached Service List.

/_/ (BY FACSIMILE) I caused the document to be transmitted by facsimile machine to such parties as have facsimile numbers set forth on the attached Service List.

/_/ (BY EMAIL) I caused the document to be transmitted by Email to such parties as have Email addresses set forth on the attached Service List.

I declare under penalty of perjury, under the laws of the United States and of the State of California, that the foregoing is true and correct. Executed at Santa Rosa, California, on January 26, 2022.

/S/ Steven M. Olson
By: _____
Steven M. Olson

# SERVICE LIST

**U.S. Trustee**
Timothy S. Laffredi
Assistant United States Trustee
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102

# EXHIBIT 1

## ATTORNEY-CLIENT FEE CONTRACT

This ATTORNEY-CLIENT FEE CONTRACT ("Contract") is entered into by and between TIMOTHY W. HOFFMAN ("Client"), in his capacity as Chapter 7 Trustee for the estate of Westmore Properties, LLC (the "Debtor"), and BLUESTONE FAIRCLOTH & OLSON, LLP ("Attorney"). This Contract may be required by Business and Professions Code section 6148 and is intended to fulfill the requirements of that section.

1. **SCOPE & DUTIES**. Client hires Attorney to provide legal services to Client relating to Client's efforts to administer the Debtor's estate, pursuant to 11 U.S.C. § 327. Attorney will provide those legal services reasonably required to represent Client, and will take reasonable steps to keep Client informed of progress and to respond to Client's inquiries.

2. **LEGAL FEES**. Client agrees to pay for legal services at an hourly rate of: (1) $550 per hour for Steven M. Olson, partner; (2) $400 per hour for Jacob M. Faircloth, partner,(3) $450 per hour for Marshall Bluestone, partner; and (4) $175 per hour for Attorney's paralegal. Such retention is solely in Client's capacity as Trustee for the subject bankruptcy estate. All compensation to Attorney, and all expense reimbursements to Attorney, are subject to issuance of an order from the U.S. Bankruptcy Court with jurisdiction over the Debtor's case allowing and authorizing payment of compensation and/or reimbursement of expenses from the bankruptcy estate and upon the bankruptcy estate having sufficient assets to provide for payments.

These rates are subject to possible increase due to inflationary economic conditions. Should there be any proposed change in Attorney's billing rates, Client will be advised immediately.

3. **COSTS & EXPENSES**. In addition to paying legal fees, but subject to the conditions set forth in the preceding paragraph, Client will reimburse Attorney for all costs and expenses incurred by Attorney, including but not limited to, process servers' fees, fees fixed by law or assessed by courts or other agencies, court reporters' fees, long distance telephone calls, messenger and other delivery fees, postage, in-office photocopying, at $.20 per copy, parking, mileage at the per-mile rate then authorized by the Internal Revenue Service for deductibility of mileage expense, investigation expenses, consultants' fees, expert-witness fees and other similar items, except as set forth hereinbelow. Client authorizes Attorney to incur all reasonable costs and to hire any investigators, consultants or expert witnesses reasonably necessary in Attorney's judgment; provided, however, that Attorney will obtain Client's consent before retaining outside investigators, consultants, or expert witnesses.

4. **DISCHARGE & WITHDRAWAL**. Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause. Good cause includes any fact or circumstance that would render Attorney's continuing representation unlawful or unethical. In any event, Attorney's discharge or withdrawal is contingent upon entry of a Bankruptcy Court order authorizing the same.

5. **DISCLAIMER OF GUARANTEE**. Nothing in this Contract and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of

Case: 21-30770    Doc# 16    Filed: 01/26/22    Entered: 01/26/22 14:01:38    Page 5 of 6

Client's matter.  Attorney makes no such promises or guarantees.  Attorney's comments about the outcome of Client's matter are expressions of opinion only.

      6.     **EFFECTIVE DATE AND COURT AUTHORIZATION**.  This Contract may be executed in counterparts.  The parties may deliver their signatures via personal delivery, mail, facsimile or scan-and-email. When this Contract is executed, its effective date will be retroactive to the date Attorney first provided services; provided, however, that the effect of this Contract is also conditioned upon the entry of an order of the U.S. Bankruptcy Court having jurisdiction over the Debtor's case authorizing Client to employ Attorney.  Attorney and Client understand that employment is contingent upon bankruptcy court approval.  In the event of a conflict between this Fee Contract and the Court's Order granting employment of general counsel, the court order controls and negates any conflicting provision from the Fee Contract.

      7.     **ENTIRE AGREEMENT**. This Agreement, plus the papers filed with the Bankruptcy Court relating to Client's application to employ Attorney and the Bankruptcy Court's order granting the application to employ Attorney, contain the entire Agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding of the parties.

      8.     **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY**. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**"Attorney"**

BLUESTONE FAIRCLOTH & OLSON, LLP

DATED:_____ By:_____
                                                               Steven M. Olson

**"Client"**

DATED:_____ By:_____
                                                             Timothy W. Hoffman
                                                  Chapter 7 Trustee for Estate of Westmore Properties, LLC