Entered on Docket
October 06, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: October 6, 2022

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 21-30770 HLB |
| WESTMORE PROPERTIES LLC, | ) Chapter 7 |
| Debtor. | ) |

**ORDER DENYING MOTION FOR RELIEF FROM STAY AS MOOT**

This case came before the court on October 6, 2022 for a continued hearing on creditor Gregory Cox's Motion for Relief from Stay as to Non-Debtors.[1] Appearances were as noted on the record.

The Motion "seeks an order granting relief from the automatic stay as to non-debtors Marilyn Blaustein and Carol Helzberg and the State Court Action[2] on the grounds that the automatic stay does extend to non-debtors or the State Court Action as against these non-debtors." Notably, the Motion does not seek relief from stay to pursue the State Court Action as to the Debtor Westmore Properties LLC, and counsel for Mr. Cox

---

[1] Dkt. 27 (the "Motion").

[2] The Motion describes the "State Court Action" as Cox v. Westmore Properties LLC, Case No. CIV 2003170 (Marin County Sup. Ct.).

confirmed at the October 6 hearing that his client sought no such relief.

Interested parties Carol Helzberg, Marilyn Blaustein, and Steve Hanson (together, the "Respondents") opposed the Motion.[3] Ms. Helzberg and Ms. Blaustein are the principals of the Debtor; Mr. Hanson is Ms. Blaustein's son. Although they concede that they are not protected by the automatic stay, the Respondents contend that, in the State Court Action, Mr. Cox is pursuing recovery from them on an alter ego theory, and that this allegation and any right to recover from them based on that theory can be asserted only by Chapter 7 Trustee Timothy Hoffman. Mr. Hoffman took no position on the Motion.

The parties do not dispute that the automatic stay does not apply to the non-debtor Respondents.[4] But the automatic stay certainly does prohibit Mr. Cox from prosecuting claims or pursuing remedies that belong to this bankruptcy estate.[5]

Mr. Cox's original complaint in the State Court Action[6] asserts claims against the Debtor for negligence, breach of implied warranty, misrepresentation, and nondisclosure arising

---

[3] Dkt. 30.

[4] In re Chugach Forest Prods, Inc., 23 F.3d 241, 246 (9th Cir. 1994) ("[a]s a general rule, the automatic stay . . . protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property") (citations and internal quotation marks omitted).

[5] 11 U.S.C. § 362(a)(3) (prohibiting "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate); see also U.S. v. Dos Cabezas Corp., 995 F.2d 1486, 1491 (9th Cir. 1993) (acknowledging that "unless assets of the bankruptcy estate are at stake, the automatic stay does not extend to actions against parties other than the debtor").

[6] Dkt. 27-1 (Declaration of Brian S. Healy re: Motion), Ex. A.

from Mr. Cox's purchase of a parcel of real property from the Debtor. These claims are personal to Mr. Cox and do not belong to the bankruptcy estate. But Mr. Cox's complaint in the State Court Action also alleges, on information and belief, that:

> [C]ertain of the DOE Defendants . . . exercised complete control and dominance over [the Debtor] to such an extent that any individuality, independence, or separateness between these Defendants is purely fictional and did not and does not exist. In that regard, Plaintiff alleges that [the DOE Defendants] inadequately capitalized [the Debtor] and used its assets for their own personal use, rerouted and transferred assets from [the Debtor] to themselves without adequate consideration, and also withdrew funds based on these assets for their own personal use. As such, Plaintiff is informed and believes that [the Debtor] is, and at all times mentioned in this Complaint was, a mere shell, instrumentality, and conduit through which [the DOE Defendants], as [the Debtor's] alter ego, carried on their business. Accordingly, if such allegations are proven, and given the extent of damages that Plaintiff has suffered . . . justice would be served if [the DOE Defendants] were also held responsible, along with [the Debtor], jointly and severally, for [the Debtor's] liability to Plaintiff; it would be inequitable otherwise.

Sometime after Mr. Cox filed his complaint, he added the Respondents as defendants in the State Court Action, so it is clear that these alter ego allegations were aimed at them. But this alter ego allegation, as well as any ability to recover from respondents based thereon, belongs to the bankruptcy estate and the only party with standing to pursue such recover is Mr. Hoffman.

The Motion does not request permission to pursue any claims on behalf of the bankruptcy estate. And Mr. Hoffman also has sued Ms. Helzberg and Ms. Blaustein to pursue certain

claims of the estate, namely the recovery of allegedly fraudulent or otherwise wrongful transfers.[7]

At the October 6 hearing, the parties asked this court to "provide guidance" to the state court as to what claims Mr. Cox could or could not bring against the Respondents. But as the court stated in response to this request, it cannot read Mr. Cox's mind, and cannot possibly be expected to anticipate exactly what claims he might properly assert against those defendants, other than clearly stating that he cannot pursue claims that belong to the bankruptcy estate, such as the fraudulent transfer claims asserted in the AVP, or recovery based on the alter ego theory set forth in Mr. Cox's complaint.

In response to the court's concern, the respondents offered that the court could simply state that Mr. Cox could bring no claims against them that were "derivative" of the Debtor's liability to Mr. Cox, because such claims belong to the bankruptcy estate. The court does not believe this characterization to be appropriate, accurate, or helpful to the state court, as it will simply lead to litigation over what claims against the respondents might be "derivative" of those that might be asserted against the Debtor.

The court must also point out that Mr. Cox is the only claimant in this bankruptcy case. Any recovery Mr. Hoffman might see in the AVP will be used (in part) to pay Mr. Cox's claim. Essentially, the State Court Action and the AVP benefit one, and only one, creditor: Mr. Cox.

---

[7] Hoffman v. Blaustein et al, Adv. Proc. No. 22-3021 (Bankr. N.D. Cal.) (the "AVP").

Accordingly, and for the reasons stated on the record, the court **ORDERS** as follows:

**1.** The Motion is **DENIED AS MOOT**. The automatic stay does not apply to Non-Debtor Respondents Carol Helzberg, Marilyn Blaustein, or Steve Hanson, and there is no need to grant relief from a stay that does not apply.

**2.** Unless or until he receives permission from this court, Mr. Cox may not pursue claims that belong to the bankruptcy estate against Ms. Helzberg, Ms. Blaustein, Mr. Hanson, or anyone else.

**\*\*END OF ORDER\*\***

**Court Service List**

[None]