Steven M. Olson, Esq. (SB No. 146120)
Jacob M. Faircloth, Esq. (SB No. 305390)
Bluestone Faircloth & Olson, LLP
1825 4th Street
Santa Rosa, CA 95404
Telephone: (707) 526-4250
Facsimile: (707) 526-0347
Email: steve@bfolegal.com
Attorney for Timothy W. Hoffman, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>WESTMORE PROPERTIES, LLC,<br><br>    Debtor.<br>_____ / | Case No. 21-30770-HLB<br>(Chapter 7)<br><br>Date of hearing: December 6, 2022<br>Time: 10:00 a.m.<br>Via ZOOM |

**DECLARATION OF TIMOTHY W. HOFFMAN, CHAPTER 7 TRUSTEE, IN SUPPORT OF MOTION TO COMPROMISE CONTROVERSY**

I, Timothy W. Hoffman, declare as follows:

1. I am over eighteen (18) years old, have personal knowledge of, and am competent to testify as to the matters set forth hereinbelow.

2. I am the Chapter 7 trustee in the above-captioned case of Westmore Properties, LLC (the "Debtor").

3. I have reviewed the Motion to Compromise Controversy, and Memorandum of Points and Authorities in Support Thereof (the "Motion") regarding my proposed settlement with Marilyn Blaustein, Carol Helzberg, and Steve Hanson. To the best of my information and knowledge, the factual allegations in the Motion are true and correct. For the reasons summarized in the Motion, I believe the proposed settlement is in the best interests of the Debtor's bankruptcy estate.

4. A true and correct copy of my Compromise and Settlement Agreement is attached hereto as Exhibit 1 and, by this reference, is incorporated herein.

5. I participated in a mediation in this case on September 27, 2022. Until shortly before the mediation, I understood not only Ms. Blaustein and Ms. Helzberg

**DECLARATION OF TIMOTHY W. HOFFMAN, CHAPTER 7 TRUSTEE, IN SUPPORT OF MOTION TO COMPROMISE CONTROVERSY** - Page 1

Case: 21-30770    Doc# 41    Filed: 11/14/22    Entered: 11/14/22 14:17:10    Page 1 of 10

would attend and be full participants, but also Gregory Cox, the sole creditor in the case, would also attend and be a full participant. I had hoped the mediation would enable me to gather additional information from Mr. Cox regarding the nature of his claim against the Debtor. I understand our mediator, Brad Bening, has significant experience and knowledge in the construction defect area. Although I am constrained against disclosing the subject matters discussed during the mediation, I emerged from the mediation confident our analysis of strengths and weaknesses of the claim of Mr. Cox was accurate. This contributed to my agreement to the terms of my compromise with Ms. Blaustein, Ms. Helzberg, and Mr. Hanson.

    I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct.

Dated: November 14, 2022

BY: */S/ Timothy W. Hoffman*
       Timothy W. Hoffman

# EXHIBIT 1

## COMPROMISE AND SETTLEMENT AGREEMENT

This Compromise and Settlement Agreement (the "Agreement") is entered into by and between Timothy W. Hoffman, chapter 7 trustee (the "Trustee") for the estate of Westmore Properties, LLC (the "Debtor"), on the one hand; and Marilyn Blaustein ("Ms. Blaustein"), an individual, Carol Helzberg ("Ms. Helzberg"), an individual, and Steve Hanson (hereinafter collectively the "Subject Individuals"), on the other hand. The Trustee and the Subject Individuals are sometimes hereafter collectively the "Parties."

### RECITALS

A. The Debtor filed its voluntary petition for relief under chapter 7 on November 22, 2021, commencing Case No. 21-30770-HLB.

B. The Trustee has been appointed chapter 7 trustee for the Debtor's estate.

C. On April 26, 2022, the Trustee commenced adversary proceeding no. 22-03021 against

D. Ms. Blaustein and Ms. Helzberg (the "Defendants"). The Trustee contends he may avoid and recover transfers of $758,443.44 from the Debtor to Ms. Helzberg on September 1, 2020, and of $774,443.44 from the Debtor to Ms. Blaustein on the same day.

E. The Defendants dispute the Trustee's contentions.

F. On September 27, 2022, the Parties participated in a mediation using mediator Brad Bening. This Agreement is the product of the mediation.

### AGREEMENT

The Parties wish to compromise and settle certain matters and issues in dispute in light of the uncertainty, complexity, delay, expense, and inconvenience inherent in litigating their disputes.

NOW, THEREFORE, for the mutual covenants and agreements herein expressed, the undersigned, intending to be legally bound hereby, agree as follows:

1. The Parties hereby affirm the factual accuracy of the Recitals set forth hereinabove.

1

32588.DOC

2. The Defendants will pay the sum of $50,000 to the Trustee within seven days after the condition set forth in paragraph 13(a) below has been satisfied, and the Defendants will pay the sum of $175,000 to the Trustee within 14 days after the Effective Date, as defined in paragraph 13 herein.

3. Except for the obligations set forth herein, the Trustee, on the one hand, and the Subject Individuals, on the other hand, forever discharge and release one another, and their respective employees, officers, parents, subsidiaries, directors, managers, members, shareholders, joint venturers, partners, representatives, brokers, agents and attorneys, and all other persons, or entities, or corporations acting on its behalf, from and of any claim, debt, cost, expenses, damages, injuries, cause of action or liability, known or unknown, one may have against the other relating to acts or conduct which predates the date of execution of this Agreement. This release shall be construed to include all claims and all liability of the releasing parties, their employees, agents, brokers, attorneys, predecessors, successors, and assigns, against the released party, and its employees, agents, brokers, attorneys, predecessors, successors and assigns, including without limitation claims or demands of whatsoever kind or nature, in tort or in contract or otherwise, that now exist or may hereafter accrue on behalf of the releasing parties against the released party from conduct or events pre-dating this Agreement. Furthermore, the Parties acknowledge that they are familiar with the provisions of Section 1542 of the California Civil Code. The Parties expressly waive all claims under Section 1542 of the California Civil Code. The releasing Parties hereby assume the risk that unknown claims are hereby being released. The Parties understand that said Section 1542 provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

4. The Parties to this Agreement hereby agree and acknowledge that this Agreement is not, and shall not be construed as, evidence or admission of liability or wrongdoing of any nature, or that any claim or fact alleged by any other party is true or correct.

5. This Agreement constitutes the entire agreement between the Parties and supersedes any previous oral agreements, promises, representations, understandings, or warranties, respecting the subject matter of this Agreement.

6. This Agreement may be executed in multiple counterparts, each of which shall be considered an original. This Agreement shall become effective upon each party's execution, and delivery to the other party, of a counterpart, via personal delivery, mail delivery, facsimile, or email. The individual signatories to this Agreement, by their signatures below, warrant and represent they are authorized to execute this Agreement in the capacities identified in their signature blocks.

7. The Parties shall bear their own attorney's fees and expenses incurred to date. If, however, any action, at law or in equity, including an action for declaratory relief, is brought to enforce or interpret the provisions of this Agreement or any claim arising out of or relating to this Agreement, the prevailing party shall be entitled to recover the party's reasonable attorneys' fees, in addition to any other relief to which the party may be entitled.

8. The Parties hereby acknowledge, warrant and represent that they have not assigned, transferred or alienated any rights, claims or interests which have been asserted, or which could have been asserted, against the other and/or which are otherwise covered by the subject matter of this Agreement.

9. The provisions of this Agreement and the releases contained herein shall extend to and inure to the benefit of and be binding upon, in addition to the Parties, the respective legal successors and assigns of the parties and each party's descendants, ancestors, dependents, heirs, executors, administrators, agents, servants, employees, representatives and each of the foregoing just as if they had executed the Agreement.

10. This Agreement is the result of the Parties' negotiations. Therefore, the Parties agree and acknowledge that no one party should be considered to be the drafter of the Agreement, in the event the Parties subsequently have a dispute regarding an asserted ambiguity

in this Agreement, and thus the principle of resolving ambiguities against the drafter will have no application regarding this Agreement.

11. If any portion, provision or part of this Agreement is held, determined or adjudicated to be invalid, unenforceable or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions or parts of this Agreement and shall not affect the validity or enforceability of such remaining portions, provisions or parts.

12. This Agreement shall be construed under and in accordance with the applicable laws of the State of California.

13. This Agreement is conditioned upon each of the following events, and shall become effective on the first date (the ("Effective Date") when each such condition (unless waived as expressly provided herein) has been satisfied:

(a) The entry of the Bankruptcy Court's order that is no longer subject to stay, appeal or reconsideration (a "Final Order") granting the Trustee's motion to compromise controversy under Federal Rule of Bankruptcy Procedure 9019 on or before December 31, 2022 (or such later date as the Parties may jointly agree in writing, each in their sole and absolute discretion); and

(b) The entry of a Final Order, in the action filed against the Debtor, the Subject Individuals and others in Marin County Superior Court by Gregory Cox, Case No. CIV 2003170, on or before December 31, 2022 (or such later date as the Parties may jointly agree in writing, each in their sole and absolute discretion), dismissing all claims against the Subject Individuals to the extent based on their capacities as agents, principals or representatives of the Debtor, or derivative of, or dependent upon, any alleged liability of the Debtor. The Subject Individuals may waive the condition in this paragraph 13(b) via notice in writing to the Trustee's attorney on or before December 31, 2022. The Subject Individuals will use reasonable efforts to obtain such a dismissal order as soon as practicable. Should the condition precedent in paragraph 13(a) of this Agreement fail to

occur for whatever reason, this Agreement shall be null and void and of no force and effect in any form whatsoever. Should the condition precedent in paragraph 13(b) of this Agreement fail to occur, then unless such condition is waived by the Subject Individuals, the Trustee will retain the $50,000 initial payment but all other aspects of this Agreement shall be null and void and of no force and effect in any form whatsoever.

IN WITNESS WHEREOF the Parties, intending to be legally bound hereby, have executed this Compromise and Settlement Agreement in the capacities described herein.

DATED: September 28, 2022  _____
TIMOTHY W. HOFFMAN,
Chapter 7 Trustee for the Estate of Westmore Properties, LLC

DATED: September 28, 2022  _____
CAROL HERZBERG

DATED: September 28, 2022  _____
MARILYN BLAUSTEIN

DATED: September 28, 2022  _____
STEVE HANSON

5

32588.DOC

occur for whatever reason, this Agreement shall be null and void and of no force and effect in any form whatsoever. Should the condition precedent in paragraph 13(b) of this Agreement fail to occur, then unless such condition is waived by the Subject Individuals, the Trustee will retain the $50,000 initial payment but all other aspects of this Agreement shall be null and void and of no force and effect in any form whatsoever.

IN WITNESS WHEREOF the Parties, intending to be legally bound hereby, have executed this Compromise and Settlement Agreement in the capacities described herein.

DATED: September 28, 2022  _____
TIMOTHY W. HOFFMAN,
Chapter 7 Trustee for the Estate of Westmore Properties, LLC

DATED: September 28, 2022  _____
CAROL HELZBERG

DATED: September 28, 2022  _____
MARILYN BLAUSTEIN

DATED: September 28, 2022  _____
STEVE HANSON

32588.DOC

5

Case: 21-30770    Doc# 41    Filed: 11/14/22    Entered: 11/14/22 14:17:10    Page 9 of 10

occur for whatever reason, this Agreement shall be null and void and of no force and effect in any form whatsoever. Should the condition precedent in paragraph 13(b) of this Agreement fail to occur, then unless such condition is waived by the Subject Individuals, the Trustee will retain the $50,000 initial payment but all other aspects of this Agreement shall be null and void and of no force and effect in any form whatsoever.

IN WITNESS WHEREOF the Parties, intending to be legally bound hereby, have executed this Compromise and Settlement Agreement in the capacities described herein.

DATED: September 28, 2022

_____
TIMOTHY W. HOFFMAN,
Chapter 7 Trustee for the Estate of Westmore Properties, LLC

DATED: September 28, 2022

_____
CAROL HELZBERG

DATED: September 28, 2022

*/s/ Marilyn Blaustein*
MARILYN BLAUSTEIN

DATED: September 28, 2022

_____
STEVE HANSON

5

32588.DOC